IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Action No. 07-cv-01779-REB-CBS

NAUTILUS, INC.,

    Plaintiff,

v.

I M & M EXERCISE EQUIPMENT, INC., d/b/a EXTREME FITNESS,

    Defendant.

_____

**STIPULATED CONSENT DECREE**
_____

**Blackburn, J.**

Plaintiff, Nautilus, Inc. ("Nautilus"), and defendant IM&M Exercise Equipment, Inc., d/b/a Extreme Fitness ("Extreme Fitness"), Nautilus through its attorneys and Extreme Fitness through its president after the opportunity to consult with counsel, STIPULATE AND AGREE as follows:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER

    1.    Nautilus has asserted against Extreme Fitness claims for patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C. §§ 101 et seq., including 271, 282-285.

    2.    This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

    3.    Under 28 U.S.C. §§ 1391(c) and 1400(b), venue is proper in Colorado because Extreme Fitness has committed infringing acts and transacts and conducts business in Colorado.

    4.    Nautilus is a corporation organized and existing under the laws of the State of Delaware and is qualified to do business in Colorado.

5. Extreme Fitness is a Colorado corporation with its principal place of business at 0155 Shoop Drive, Penrose, Colorado 81240.

6. Nautilus has alleged Extreme Fitness infringes one or more of the Nautilus Patents, as defined herein. The Nautilus Patents relate to the distribution, use and/or sale of fitness products, specifically including certain types of adjustable weight dumbbells.

7. Nautilus is a leading producer of fitness products, including weight training products, sold in the United States. Not only does Nautilus currently market fitness products in several forms to many different customers, but it has also spent a significant amount of time and money in developing new and improved forms of fitness products. Nautilus has sought protection for innovations related to fitness products from the United States Patent Office and has received patents protecting these innovations.

8. Extreme Fitness infringes the following Nautilus Patents by at least selling and distributing adjustable weight dumbbells that fall within the scope of those patents.

9. On July 23, 2002, United States Patent No. 6,422,979 (the '979 patent) entitled Weight Selection Methods for Adjusting Resistance to Exercise was duly and legally issued to the named inventor, Mark A. Krull (Krull).

10. Krull has assigned the '979 patent to Nautilus such that Nautilus is now the owner of the entire right, title and interest in and to the '979 patent.

11. On July 18, 2006, United States Patent No. 7,077,791 (the '791 patent) entitled Weight Selection Methods and Apparatus was duly and legally issued to Nautilus as assignee of the inventor, Krull.

12. On September 12, 2006, United States Design Patent No. D528,173 (the '173 patent) entitled Adjustable Dumbbell Base was duly and legally issued to Nautilus as assignee of the inventors Edward L. Flick and Eric D. Golesh.

14. On September 19, 2006, United States Design Patent No. D528,611 (the '611 patent) entitled Adjustable Dumbbell was duly and legally issued to Nautilus as assignee of the inventors Edward L. Flick and Eric D. Golesh

15. The '979, '791, '173, and '611 patents (collectively, the "Nautilus Patents") all encompass, among other things, exercise devices known as adjustable weight dumbbells.

16. Adjustable weight dumbbells are used like conventional pair of dumbbells for weight resistance training. A base is provided to support the pair of dumbbells. Examples of the dumbbells and base are generally shown in the '611 and '173 patents respectively. The adjustable weight dumbbells differ from the conventional dumbbells in that each dumbbell includes multiple weight plates that are selectively engaged to vary the weight of each dumbbell over a selected range of weights. Weight selection is accomplished by a weight selector at each end of a given dumbbell. The weight selector rotates to a position associated with a selected weight over the range of weights.

17. Prior to innovations covered by the Nautilus Patents, safe selective weight dumbbells were not available to the public.

18. Nautilus's inventions covered by the Nautilus Patents include novel and nonobvious construction and designs for an adjustable weight dumbbell.

19. Extreme Fitness has imported, marketed, and/or sold adjustable weight dumbbells made in conformance claimed inventions such that these actions infringe one or more claims of each of the Nautilus patents.

20. Extreme Fitness imports the infringing adjustable weight dumbbells from The People's Republic of China through an exporter Omni Health & Fitness Group Limited, 13a Heng Than Centre, 145 Queen's Road East Wanchal H.K ("Omni").

21. Omni makes, and, through Extreme Fitness as one of several distributors in the United States, offers for sale and sells adjustable weight dumbbells, including but not limited to the dumbbells sold under the name OMNISELECT 535.

22. The OMNISELECT 535 includes features, structures and or designs that infringe one or more claims of each of the Nautilus Patents.

23. Injunctive relief may be awarded in a patent infringement case if the traditional elements required for injunctive relief are shown. *eBay, Inc. v. MercExchange L.L.C.,* 126 S.Ct. 1837, 1838, 2005 LEXIS 3872 (2006).

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. See, *e.g., Weinberger* v. *Romero-Barcelo,* 456 U.S. 305, 311-313, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982); *Amoco Production Co.* v. *Gambell,* 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L. Ed. 2d 542 (1987).

24. The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of

discretion. See, *e.g.*, *Romero-Barcelo*, 456 U.S., at 320, 102 S. Ct. 1798, 72 L. Ed. 2d 91.

25. The Patent Act expressly provides that injunctions "may" issue "in accordance with the principles of equity." 35 U.S.C. § 283.

26. Inasmuch as this injunction is based on a stipulation of the parties, the balance of hardships warrants entry of an injunction, as Extreme Fitness has agreed.

27. The public interest would not be disserved by a permanent injunction as patent rights are constitutionally created to benefit the public and there is no fact to the contrary.

28. Infringement of the Nautilus Patent will irreparably harm Nautilus if the infringement is permitted to continue.

29. Nautilus is not seeking monetary relief from Extreme Fitness and, as such, if injunctive relief is not awarded Nautilus is left without an adequate remedy at law.

**THEREFORE, IT IS ORDERED** as follows:

1. That: Defendant Extreme Fitness and related officers, directors, agents, servants, employees, attorneys and all others acting under or through it, specifically including Omni, are permanently enjoined from directly or indirectly, infringing, inducing the infringement of, and contributing to the infringement of United States Patent Nos. 6,422,979, 7,077,791, D528,173, and D528,611 by making, selling, offering to sell, distributing, or having any other person make or sell the OMNISELECT 535 adjustable weight dumbbell;

2.  That notwithstanding any other term contained in this Order, Extreme Fitness may sell its existing inventory of OMNISELECT 535 adjustable weight dumbbells, which Extreme Fitness will identify to Nautilus within ten days of the date of this Order for purposes of allowing Nautilus to track any such sale;

3.  That the *Markman* Hearing set for January 11, 2008, is **VACATED**; and

4.  That the above styled case is dismissed without prejudice, each party to pay its own attorney fees and costs, which dismissal is subject to any contempt proceedings that may be brought against Extreme Fitness for violation of this Order or as to any separate action against Omni, anyone acting on its behalf or any other person not named herein for any remedy for infringement of the Nautilus Patents.

Dated December 20, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**